# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Robert Stoner | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Medical Business Bureau | ) | |
| 1460 Renaissance Drive, Suite 400 | ) | |
| Park Ridge, IL 60068-7219 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Robert Stoner, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Medical Business Bureau. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692f.

3. The Seventh Circuit Court of Appeals recently held in "[I]n sum, the meaning of Section 1692f(8) is clear: When a debt collector communicates with consumers through the mails, it may not sue any language or symbol on the envelope except for its business name or address, as long as the name does not indicate that he is in the debt collection business." *Preston v. Midland Credit Mgmt., Inc.* 948 F.3d 772 (7th Cir. 2020)

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337,

1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Robert Stoner (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois.
8. Defendant, Medical Business Bureau ("Defendant"), is an Illinois business entity with an address of 1460 Renaissance Drive, Suite 400, Park Ridge, IL 60068-7219, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendant" shall refer to Medical Business Bureau.
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

11. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
12. The language (detailed blow) has been exposed to third parties and now Plaintiff's reputation has been damaged or faces a real risk of being damaged due to Defendant's conduct.
13. "All debtors need to know who how much they owe, and to whom because they must decide to do something about the debt-whether to lodge a dispute, pay up, or retain a lawyer, among many other possibilities. Knowing the identity of the creditor, and whether that creditor in fact exists, is-like knowing how much one owes-'central to a consumer being able to intelligently respond to an effort to

collect a debt." *Tataru v. RGS Fin*. 18-cv-06106, (N.D. Ill 2021), citing *Untershine v. Encore Receivables Management, Inc.*, 2019 WL 3766564 *3-4 (N.D. Ill 2019).

14. By failing to give Plaintiff the amount of the debt, the Defendant has "impaired [his] ability to use it for a substantive purpose." *Id.*

## ALLEGATIONS

15. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $410.05 (the "Debt") to an original creditor (the "Creditor")
16. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
17. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
18. On January 14, 2021, Defendant mailed, via United States Mail, a dunning letter to Plaintiff a collection letter. See Exhibit A.
19. Plaintiff received said letter on or about January 20, 2021. See Exhibit A.
20. Said letter is an initial collection letter by Defendant. See Exhibit A.
21. The "mini-Miranda" statement by Defendant to Plaintiff bleeds through the envelope cover and is clear in normal light to anyone looking at the envelope. See Exhibit B.
22. Plaintiff has violated 15 U.S.C. Section 1692f by disclosing information about the Plaintiff to non-authorized third parties.
23. Furthermore, Defendant states the Creditor is "Elmhurst Anesthesia." See Exhibit A.
24. Plaintiff has no idea who this is and who the debt is actually owed to.
25. Plaintiff has never deal with any company named "Elmhurst Anesthesia."

26. Defendant has violated the FDCPA, specifically under 15 U.S.C. Section 1692g(2) by failing to state clearly who the debt is owed to.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff