**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT STONE, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | No. 21 C 463 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| MEDICAL BUSINESS BUREAU, LLC, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Stone alleges violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). In particular, Plaintiff alleges the Defendant has violated the FDCPA by (1) by using an envelope that allowed the contents of the collection letter to bleed through and be visible to third-parties in violation 15 U.S.C. § 1692f(8); and (2) failing to state clearly who the debt is owed to as required by 15 U.S.C. § 1692g(a)(2). Defendant has moved to dismiss, arguing that Plaintiff does not have standing and that he has failed to state a claim on the merits. Because Plaintiff has failed to allege a cognizable injury, Defendant's Motion to Dismiss [Dkt. 10] is granted.

## FACTS

Plaintiff Robert Stoner incurred an obligation to pay $410 to the original creditor, who then transferred this debt to Defendant for debt collection. (Dkt. 7 ¶ 6, 10, 19, 20). The Defendant attempted to collect the Debt therein engaging in "communications" as defined in 15 U.S.C. § 1692a(2). (*Id.* ¶ 21). On January 14, 2021, Defendant mailed an initial collection letter, which Plaintiff received on or about January 20, 2021. (*Id.* ¶¶ 22–24). The "mini-Miranda" statement

1

mailed by Defendant to Plaintiff bleeds through the envelope cover and is clear in normal light to anyone looking at the envelope. (*Id.* ¶¶ 25–26). Plaintiff alleges Defendant has violated 15 U.S.C. Section 1692f by disclosing information about the Plaintiff to non-authorized third parties. (*Id.* ¶ 27).

Additionally, Defendant states the Creditor is "Elmhurst Anesthesia." (*Id.* ¶ 28). Plaintiff alleges he is unfamiliar with Elmhurst Anesthesia, that he does not know to whom the debt is owed, and Plaintiff has never received any medical services from any company with the name "Elmhurst Anesthesia." (*Id.* ¶¶ 29–30). Plaintiff alleges he has never dealt with any company named "Elmhurst Anesthesia" and that there is in fact no company existing named "Elmhurst Anesthesia." (*Id.* ¶ 31–32). Plaintiff thought it was possible that he was being deceived since the "Elmhurst" name is used by many medical providers in Northern Illinois, thus requiring him to contact an attorney. (*Id.* ¶¶ 17–18). Plaintiff alleges that Defendant did not give Plaintiff the amount of debt nor tell him to whom it was owed, which has "impaired [his] ability to use it for a substantive purpose." (*Id.* ¶¶ 15–16).

## **LEGAL STANDARD**

Rule 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction" of claims asserted in a complaint. In analyzing a motion under Rule 12(b)(1), this Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). When a party raises the issue of subject matter jurisdiction, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* at 656-57.

2

**DISCUSSION**

Defendant first argues that Plaintiff has not presented a case or controversy within the scope of Article III and thereby does not have standing. They next argue that Plaintiff's case fails to state a claim because it fails on the merits. Plaintiff has not sufficiently alleged facts to show Article III standing and therefore Defendant's Motion to Dismiss is granted. Because the Court can resolve the Motion on the standing issue, the Court need not reach the merits.

Defendant first argues that Plaintiff has not pled an injury sufficient to satisfy Article III standing. Article III standing is jurisdictional and cannot be waived. *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). The Article III standing analysis first asks whether the complaint "clearly allege[s] facts" demonstrating that Plaintiff has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). An injury in fact is an "invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* (citing *Spokeo*, 136 S.Ct. at 1548 (quotation marks omitted). A concrete injury is an injury that actually exists, though intangible harms as well as tangible harms may qualify. *Spokeo*, 136 S.Ct. at 1548–49. For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* at 1548 (citation omitted). Stoner argues that the Medical Business Bureau's collection letter violated his rights under the FDCPA, but a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549. This is because "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*.

The standards make clear that an injury must not be hypothetical, but Plaintiff plainly fails to allege a concrete and particularized injury. First, as to Plaintiff's § 1692f(8) claim, Plaintiff alleges that the "mini-Miranda" statement mailed by Defendant to Plaintiff bleeds through the envelope cover and is clear in normal light to anyone looking at the envelope. (Dkt. 7 ¶¶ 25–26). Plaintiff alleges that Defendant has violated § 1692f by disclosing information about the Plaintiff to non-authorized third parties. (*Id.* ¶ 27). Plaintiff alleges in conclusory fashion that his information "has been exposed to third parties and now Plaintiff's reputation has been damaged or faces a real risk of being damaged due to Defendant's conduct." (*Id*. ¶ 12). Plaintiff also alleges that "[a] number of individuals, besides the Plaintiff and his Wife, now have seen the plain contents of this communication that it was an attempt to collect a debt against Plaintiff." (*Id.* ¶ 13). Plaintiff has failed to allege any concrete and particularized harm. Plaintiff alleges that his information has been exposed to third parties and now Plaintiff's reputation has been damaged or faces a real risk of being damaged due to the allegedly transparent envelope, but such an allegation is conclusory, vague, and does not meet the standard for a well-pleaded Complaint. Plaintiff does not allege any facts about how his reputation was injured nor to whom his reputation was injured. It also does not hold up to common sense: even if Plaintiff's debt collection letter was visible such that anybody could see the information, who else besides Plaintiff would have access to the letter except possibly his letter carrier? In his Response brief, Plaintiff alleges just that for the first time. (Dkt. 16 at 2). However, a Plaintiff may not make allegations for the first time in his Response brief. *See e.g. Thomas v. Dart*, 17 C 4233, 2018 WL 4016315, *4 (N.D. Ill. Aug. 22, 2018) (Kendall, J.); *Maroon Society v. Unison Consulting, Inc*., 19 C 05117, 2020 WL 5076688, *7 (N.D. Ill. Aug. 26, 2020); As it stands, Plaintiff's alleged injury is too remote and hypothetical. When it comes to Article III standing, the Seventh Circuit has stated, "[t]he bottom line of our opinion

can be succinctly stated: no harm, no foul." *Casillas v. Madison Ave. Associates, Inc.*, 926 F.3d 329, 331 (7th Cir. 2019). Here, Plaintiff has failed to allege any concrete, particularized, and non-hypothetical injury. The fact that the debt collection letter could potentially be seen through the envelope is a remote harm and there is no allegation that makes this a plausible injury.

Second, Plaintiff alleges that he was injured under the FDCPA by failing to state clearly to whom the debt is owed to as required by §1692g(a)(2). Defendant states the Creditor is "Elmhurst Anesthesia" but that he is unfamiliar with Elmhurst Anesthesia, that he does not know to whom the debt is owed, and he never received any medical services from a company with this name. (*Id.* ¶ 28–30). Plaintiff alleges he has never dealt with any company named "Elmhurst Anesthesia" and that there is in fact no company existing named "Elmhurst Anesthesia." (*Id.* ¶ 31–32). Plaintiff thought it was possible that he was being deceived since the "Elmhurst" name is used by many medical providers in Northern Illinois, thus requiring him to contact an attorney. (*Id.* ¶¶ 17–18). Plaintiff alleges that Defendant did not give Plaintiff the amount of debt nor tell him to whom it was owed, which has "impaired [his] ability to use it for a substantive purpose." (*Id.* ¶¶ 15–16).

Plaintiff's alleged confusion about his creditor is a not a concrete injury. Plaintiff's confusion did not cause him to lose money or receive any actual harm. Plaintiff in his Response says that due to his confusion, he was forced to reach out to an attorney and that he did not feel comfortable contacting the Defendant to invoke his rights to dispute under 15 U.S.C. Section 1692g(a). (Dkt. 16 at 7). In his Complaint, Plaintiff cites to *Tataru v. RGS Fin.*, 18-cv-06106, 2021 WL 38142 (N.D. Ill. Jan 4. 2021). In the original *Tataru* opinion, the district court granted summary judgment as to Taturu's FDCPA claim where the plaintiff's only injury was his claim that his dunning letter caused him confusion. However, the court later reversed itself a few months later in a motion to reconsider after the Seventh Circuit released eight decisions narrowing the

5

circumstances in which FDCPA plaintiffs have standing to sue. In the reconsideration, Judge Tharp stated that "the Seventh Circuit's recent decisions have since made crystal clear that the state of confusion is not itself an injury. *Taturu,* 2021 WL 1614517, *3 (N.D. Ill. Apr. 26, 2021) (citing *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020)).

A state of confusion is not an injury by itself. The Seventh Circuit has plainly stated, "[a] debtor confused by a dunning letter may be injured if she acts, to her detriment, on that confusion—if, for example, the confusion leads her to pay something she does not owe, or to pay a debt with interest running at a low rate when the money could have been used to pay a debt with interest running at a higher rate. But the state of confusion is not itself an injury." *Id.* at 1068. Plaintiff has not alleged any harm besides the confusion.

The fact that Stoner felt compelled to reach out to an attorney is also not a cognizable harm. The Seventh Circuit also explained this in *Brunett* where the plaintiff attempted to manufacture an injury out of seeking the advice of legal counsel when she was purportedly confused:

> Even innocuous statements about tax law may lead people to consult counsel. The proposition that forgiving debt is a form of income is not intuitive to non-lawyers (or even to some lawyers). A desire to obtain legal advice is not a reason for universal standing. The plaintiffs in *Thole*, *Spokeo*, *Hein*, and *Richardson* all had counsel. They had been concerned, confused, disturbed, or upset enough to ask lawyers for help. But the Supreme Court held that only people who can show personal, concrete injuries may litigate. Many people think that an advisory opinion will set their minds at ease, but hiring a lawyer in quest of a judicial answer does not permit a federal court, operating under Article III, to give that answer."

*Id.* at 1069. The Seventh Circuit's recent opinions resolve the standing issue firmly. Plaintiff does not allege any injury-in-fact that can provide him standing to allege an FDCPA claim.

**CONCLUSION**

Plaintiff has not sufficiently alleged facts to show Article III standing because there is no injury under either 15 U.S.C. Section 1692g(2) or 1692f(8). Therefore, Defendant's Motion to Dismiss [Dkt. 10] is granted. Plaintiff may amend his Complaint consistent with this Opinion, if possible, within 21 days of its issuance.

                                                               _____
                                                               Virginia M. Kendall
                                                               United States District Judge

Date: June 16, 2021